UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Gauthier, Edward Gauthier,

    Plaintiffs,

    v.                           Civil Action No. 2:13-cv-187

Troy Kirkpatrick, Barre, Vermont,
Weiland Ross, Judge Howard VanBenthuysen,
Newport Correctional Facility, Rick Wade,
Michael Mathieu, Nicholas Fortier,
Jeff Poginy, Thomas Kelly, Megan Campbell,
State Trooper Leblanc, State Trooper Maurice,
Bonnie Goode, Tiffany Stark,

    Defendants.

## OPINION AND ORDER
(Docs. 103, 104, 105)

Plaintiffs David Gauthier and Edward Gauthier, proceeding *pro se*, brought this suit against the above-captioned Defendants; Plaintiffs' claims stem from their seizure or arrest in January 2012, the proceedings in David Gauthier's state-court criminal case, and Plaintiffs' treatment at correctional facilities during the state-court proceedings. In February 2014 the Court dismissed all of Plaintiffs' claims against all Defendants except for Plaintiffs' claims against Ms. Stark and their Fourth Amendment claim against Barre police officers Weiland Ross and Troy Kirkpatrick. (Doc. 67 at 2.) In an Amended Opinion and Order filed on September 12, 2014 (familiarity with which is presumed), the Court granted Ms. Stark's Motion to Dismiss for Failure to State a Claim, and granted Defendants Kirkpatrick and Ross's Motion to Dismiss for Lack of Prosecution. (Doc.

101.) Also on September 12, 2014, the Court entered a Judgment dismissing the case. (Doc. 102.)

On September 15, 2014 Plaintiffs filed a "Response" (Doc. 103) and a five-page document entitled "[Prosecution] of Claim." (Doc. 105.) Plaintiffs also seek court-appointed counsel. (Doc. 104.)[1] All parties have consented to direct assignment to the undersigned Magistrate Judge. (Docs. 33, 37, 38, 41, 53, 55.) For the reasons discussed below, the Court interprets Plaintiffs' most recent filings (Docs. 103, 105) as a Rule 59(e) Motion to Alter or Amend a Judgment, and DENIES that Motion. The Court also DENIES Plaintiffs' Motion to Appoint Counsel (Doc. 104) as moot.

## Analysis

**I.    Rule 59(e) Motion**

Because Plaintiffs' "Response" (Doc. 103) and "[Prosecution] of Claim" (Doc. 105) filings appear to be post-judgment motions attacking the correctness of the Judgment (Doc. 102), the Court interprets them as a Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59(e). *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982) ("[W]here a post-judgment motion is timely filed and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (internal quotation marks omitted)).

---

[1] The "[Prosecution] of Claim" (Doc. 105) is not signed and fails to conform with the applicable rules regarding motions in a variety of ways. The "Response" and Motion to Appoint Counsel (Docs. 103, 104) purport to be on behalf of "Edward and David Gauthier *pro s*[*e*]," (*id.* at 2), but are signed only by Edward Gauthier (*id.* at 4). For simplicity the Court refers to the filings as being on behalf of both Plaintiffs, and overlooks the significant procedural nonconformities in light of Plaintiffs' *pro se* status.

Under Rule 59(e), the Court "may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)).  Other grounds for Rule 59(e) relief include "an intervening change of controlling law, [or] the availability of new evidence." *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted) (describing the major grounds for reconsideration).  Rule 59(e) may not be used, however, to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *ING Global*, 757 F.3d at 97 (internal quotation marks omitted).

Many of the assertions in Plaintiffs' most recent filings have little or no discernable connection to their claims in this case.[2]  Importantly, nothing in their filings addresses their claim against Ms. Stark or alters the Court's prior conclusion that they have failed to state a claim against her.  And as discussed below, Plaintiffs' most recent filings also do not alter the Court's conclusion that Plaintiffs have failed to comply with their discovery obligations and with this Court's orders regarding discovery.

---

[2] For instance, Plaintiffs make allegations that the Vermont Department of Children and Families have "kidnap[ed]" and "export[ed]" Edward Gauthier's daughter, thereby committing treason against "another government."  (Doc. 103 at 4.)  Their filings include other references to their alleged status as "sovereign citizens" (e.g., Doc. 105 at 4)—an ideology that this Court has previously rejected (*see* Doc. 60 at 34 n.18).  Plaintiffs have also supplied citations to a variety of what appear to be Washington State statutory provisions relating to the misconduct of public officials, presumably because they believe that Officers Kirkpatrick and Ross have engaged in misconduct.  (Doc. 105 at 1–5.)

Plaintiffs assert that they have "5 years['] worth of paperwork" and that they have filed a Freedom of Information Act (FOIA) request with the jail. (Doc. 103 at 1.) They also say that they have "audio evidence" from YouTube (*id.* at 2), and a "Times Argus[] clipping" (*id.* at 3). Finally, Plaintiffs assert that Defendants Kirkpatrick and Ross or others have concealed documents related to this case. (*See* Doc. 103 at 2 (alleging the "hid[]ing of jail documents and court documents"); Doc. 105 at 2 ("Kirkpatrick and Ross knowingly con[c]ealed pap[]erwork of this case . . . .").)

Plaintiffs do not point to any error of law or to any intervening change in controlling law that might warrant Rule 59(e) relief. It is unclear precisely how the materials to which Plaintiffs refer might relate to their claims in this case, and in particular their claims against Ms. Stark and Officers Kirkpatrick and Ross. More importantly, Plaintiffs do not explain why they failed to provide discovery to Defendants after repeated requests from counsel and orders from the Court. Nothing in Plaintiffs' most recent filings indicates that they have remedied their failure to file Initial Disclosures or to respond to Ross and Kirkpatrick's First Set of Interrogatories and Requests to Produce. Even assuming that documents have been wrongfully withheld from Plaintiffs, they still had an obligation to comply with their discovery obligations as fully as they were able. The Court concludes that there is no basis for Rule 59(e) relief.

## II.     Motion for Appointment of Counsel

Because the Court denies Plaintiffs' Rule 59(e) Motion, the Court also denies Plaintiffs' Motion for Appointment of Counsel (Doc. 104) as moot.

## Conclusion

For the above reasons, the Court interprets Plaintiffs' most recent filings (Docs. 103, 105) as a Rule 59(e) Motion, and DENIES that Motion. The Court also DENIES Plaintiffs' Motion to Appoint Counsel (Doc. 104) as moot.

Dated at Burlington, in the District of Vermont, this 26th day of September, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge